UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08664-RGK-JC | Date | February 7, 2023 |
|---|---|---|---|
| Title | *Jose Javier Arana v. Tesla Motors, Inc., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re Defendant's Motion to Dismiss [DE 13]

### I.   INTRODUCTION AND BACKGROUND

On November 29, 2022, Jose Javier Arana ("Plaintiff") filed a Complaint against Tesla Motors, Inc. ("Defendant"), alleging violations of California's Song-Beverley Act ("SBA," Cal. Civ. Code §§ 1790, *et seq.*) and the federal Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. §§ 2300, *et seq.*). Plaintiff alleges that he purchased a used 2020 Tesla Model 3 (the "Vehicle") from an unnamed third-party dealership on February 28, 2022, and that the Vehicle had 11,107 miles at the time of purchase. (Compl. ¶ 6.) He also alleges that the vehicle was sold with the remaining balance of Tesla's new-vehicle express warranties: (1) a 4 year, 50,000-mile full coverage warranty; and (2) an 8 year, 100,000-mile powertrain warranty. (*Id.* ¶ 7.) Finally, Plaintiff alleges that within months of purchase (*i.e.*, within the warranty periods), the Vehicle developed "persistent grinding and thumping noises," a problem he presented to a Tesla repair facility multiple times to no avail. (*Id.* ¶ 8.)

Presently before the Court is Defendant's Motion to Dismiss. (ECF No. 13.) For the following reasons, the Court **GRANTS** the Motion.

### II.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08664-RGK-JC | Date | February 7, 2023 |
|---|---|---|---|
| Title | *Jose Javier Arana v. Tesla Motors, Inc., et al* | | |

U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### III.    DISCUSSION

Defendant argues that Plaintiff's two claims fail for two distinct reasons. First, his express warranty claim under the SBA applies only to new (or "like-new") vehicles, and therefore his claim, premised upon his used-vehicle purchase, cannot stand. Second, Defendant avers that MMWA claims rise or fall with underlying state-law claims, and because Plaintiff's SBA claim fails, so must his MMWA claim. The Court agrees.

####    A.    SBA Claim

The SBA is "a remedial statute designed to protect consumers who have purchased products covered by an express warranty." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 798 (2006). With that in mind, it regulates warranty terms and imposes certain repair obligations on manufacturers or dealers. *See Rodriguez v. FCA US, LLC*, 77 Cal. App. 5th 209, 217 (2022). Under the relevant provision of the SBA, car manufacturers must refund or replace a "new motor vehicle" if that vehicle cannot be repaired to conform with the manufacturer's express warranty. *See* Cal. Civ. Code § 1793.2(d)(2). "New motor vehicle" is defined in the statute as: (1) any "new motor vehicle which is used or bought for use primarily for personal, family, or household purposes,"; (2) a "new motor vehicle with a gross vehicle weight under 10,000 pounds that is brought or used primarily for business purposes by a person . . . or any other legal entity"; or (3) "a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty." Cal. Civ. Code § 1793.22(e)(2). A demonstrator "is a vehicle assigned by a dealer for the purpose of demonstrating qualities and characteristics common to vehicles of the same or similar model and type." *Id.*

Plaintiff argues that because he purchased the Vehicle with a balance remaining on Tesla's new car warranties, the Vehicle is an "other motor vehicle sold with a manufacturer's new car warranty" and therefore qualifies for the SBA's new motor vehicle protections. *Id.* But a recent California court of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-08664-RGK-JC | Date | February 7, 2023 |
| Title | *Jose Javier Arana v. Tesla Motors, Inc., et al* | | |

appeal case disagrees. *See Rodriguez*, 77 Cal. App. 5th at 219–225. After an extensive statutory interpretation analysis, the *Rodriguez* court found that the phrase "other motor vehicle sold with a manufacturer's new car warranty" applies only to "cars sold with a full warranty, not to previously sold cars accompanied by some balance [left on] the original warranty." *Id.* at 225; *see also Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334, 340 n.4 (2019) (noting that Plaintiff's interpretation could lead to illogical results, including that a vehicle would be a "new motor vehicle" for SBA purposes so long as it had a 20-year warranty and was subsequently purchased used in year 18). Several federal district courts have considered *Rodriguez*'s analysis persuasive and adopted its reasoning. *See, e.g., Barboza v. Mercedez-Benz LLC*, 2022 WL 17978408, at *3 (E.D. Cal. Dec. 28, 2022); *Edwards v. Mercedez-Benz USA, LLC*, 2022 WL 5176869, at *3 (C.D. Cal. Oct. 5, 2022); *Pineda v. Nissan N. Am., Inc.*, 2022 WL 2920416, at *3 (C.D. Cal. July 25, 2022). This Court joins them, agrees with the statutory analysis in *Rodriguez*, and holds Plaintiff's claim barred because he did not purchase a "new motor vehicle."

Accordingly, the Court dismisses Plaintiff's SBA claim.[1]

**B.   MMWA Claim**

Defendant next argues that because Plaintiff's SBA claim fails, his MMWA claim must also be dismissed. Plaintiff responds that dismissal is not required because the MMWA is "more expansive on the issue" here, *i.e.*, that the MMWA "does not require the consumer to have been the original purchaser of the vehicle, so long as the original warranty is still in effect." (Pl.'s Opp'n to Mot. at 5, ECF No. 20.) The Court agrees with Defendant that the MMWA claim fails.

The MMWA allows a "consumer who is damaged by the failure of supplier, warrantor, or service contractor to comply with any obligations under [the MMWA], or under a written warranty, implied warranty, or service contract, [to] bring suit for damages and other legal and equitable relief." 15 U.S.C. § 231(d)(1). Generally, the MMWA "calls for application of state written and implied warranty law, not the creation of additional federal law." *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 n.3 (9th Cir. 2019) (quoting *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986)). For

---

[1] The California Supreme Court has granted review of *Rodriguez*. However, it has also ordered that *Rodriguez* may still be cited as persuasive authority. *See Rodriguez v. FCA US, LLC*, 295 Cal. Rptr. 3d 351 (2022). Because the Court finds *Rodriguez*'s statutory analysis compelling, the California Supreme Court's acceptance of review does not change the analysis here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08664-RGK-JC | Date | February 7, 2023 |
|---|---|---|---|
| Title | *Jose Javier Arana v. Tesla Motors, Inc., et al* | | |

this reason, an MMWA claim typically succeeds or fails along with a plaintiff's state warranty claims. *See Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 945 (9th Cir. 2022).[2]

Thus, at first blush, Plaintiff's MMWA must clearly fail because his SBA claim fails. Plaintiff argues, however, that a California court of appeal held that a plaintiff could proceed with an MMWA claim even though the underlying SBA claim failed. (*See* Pl.'s Opp'n to Mot. at 3–4 (citing *Dagher v. Ford Motor Co.*, 238 Cal. App. 4th 905 (2015)).) But *Dagher* allowed an MMWA claim to proceed because the plaintiff in that case sought additional express warranty claims under the California Commercial Code—in other words, the *Dagher* plaintiff's MMWA claim survived because it could apply a *different* provision of California warranty law. *See Dagher*, 238 Cal. App. 4th at 928 ("In our case, both Plaintiff and Ford acknowledge that some express warranty claims are viable in this action [even after dismissal of the SBA claim], whether under the Commercial Code or Magnuson-Moss.") That is not the case here. Plaintiff brought only two causes of action: one under the SBA and one under the MMWA. Because Plaintiff's sole state-law claim fails, and because his MMWA claim is predicated solely on that claim, the MMWA claim must fail as well.

IV.   **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **DISMISSES** the Complaint.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____

---

[2] There is a narrow exception for situations where the MMWA "expressly prescribes a regulating rule." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 833 (2006). Plaintiff does not argue that his claims fall under such a regulating rule.